# ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 14 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SUZANNE SANCHEZ,                       )
    Plaintiff                      )
                                   )
                                   ) CIVIL ACTION
                                   ) FILE NO.
vs.                                    )
                                   **1:07-CV-2810**
CENTRAL CREDIT SERVICES, INC.,         ) **JURY TRIAL DEMANDED**
RESURGENT CAPITAL SERVICES, LP,        )
    Defendants                     )

### COMPLAINT

**TCB**

Plaintiff Suzanne Sanchez, by and through counsel, brings this action against Defendants Central Credit Services, Inc. and Resurgent Capital Services, LP on the grounds and in the amounts set forth herein.

## I.  PRELIMINARY STATEMENT

1. This action seeks redress for the Defendants violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1692, *et seq.* in connection with the collection of a consumer debt.

## II.  PARTIES

2. Plaintiff is a natural person and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.  Defendant Central Credit Services, Inc. ("CCS") is a Georgia foreign corporation engaged in the business of collecting debts in the state of Georgia.

4.  Defendant CCS may be served with the Summons and Complaint thru its Registered Agent for Service of Process: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5.  Defendant CCS is engaged in the collection of debts from consumers using the mail and telephone.

6.  Defendant CCS regularly attempts to collect consumer debts alleged to be due to another.

7.  Defendant CCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.  Defendant Resurgent Capital Services, LP ("Resurgent") is a Georgia foreign corporation engaged in the business of collecting debts in the state of Georgia.

9.  Defendant Resurgent may be served with the Summons and Complaint thru its Registered Agent for Service of Process: C T Corporation, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

10. Defendant Resurgent is engaged in the collection of debts from consumers using the mail and telephone.

2

11.   Defendant Resurgent regularly attempts to collect consumer debts alleged to be due to another.

12.   Defendant Resurgent is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### III.  JURISDICTION AND VENUE

13.   Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

14.   Venue in this District is proper in that the Defendants transact business here.

### IV.  FACTUAL ALLEGATIONS

15.   Upon information and belief, the Plaintiff opened the credit card with Citibank (South Dakota), N.A. for her personal and household use in July 1995 (hereinafter "credit card" or "debt").

16.   Plaintiff experienced financial difficulties due to an unexpected job layoff and was unable to make regular monthly payments on the credit card.

17.   Upon information and belief, Plaintiff's credit card went into default.

18.   Upon information and belief, Defendant CCS received the Plaintiff's debt for collection in April 2007.

19.   On or about April 19, 2007, Defendant CCS mailed the Plaintiff an initial communication letter in an attempt to collect the debt.  Exhibit 1.

20.   Defendant CCS's April 19, 2007 letter to the Plaintiff stated that the amount due on the debt was $7,265.56. Exhibit 1.

21.   Upon information and belief, Defendant CCS's April 19, 2007 letter to the Plaintiff is false, deceptive and/or misleading.

22.   Upon information and belief, Defendant CCS's April 19, 2007 letter to the Plaintiff falsely represents the amount due on the debt.

23.   Upon information and belief, Defendant CCS's April 19, 2007 letter to the Plaintiff is an unfair and/or unconscionable means to attempt to collect the debt.

24.   On May 2, 2007, Plaintiff mailed Defendant CCS a letter requesting verification of the debt. Exhibit 2.

25.   On or about May 4, 2007, Defendant CCS received the Plaintiff's request for verification of the debt. Exhibit 3.

26.   Plaintiff did not make any payments on the debt to Defendant CCS.

27.   Plaintiff has not made any payments on the debt from April 1, 2007 thru May 10, 2007.

28.   Upon information and belief, in May 2007, the Plaintiff's debt was transferred and/or assigned to Defendant Resurgent for collection.

29. On or about May 10, 2007, Defendant Resurgent mailed the Plaintiff a letter in an attempt to collect the debt with an alleged balance due of $7,245.71. Exhibit 4.

30. Defendant Resurgent's May 10, 2007 letter to the Plaintiff stated that the account was placed with Resurgent Capital Services, LP; Enclosed please find an original validation of the debt that verifies the debt. Exhibit 4.

31. Defendant Resurgent's May 10, 2007 letter to the Plaintiff also stated, in relevant part: "Unless you notify us within 30 days after receipt of this notice that you dispute the validity of this debt, or any part of the debt, we will assume that the debt is valid. If you notify us in writing within 30 days after receipt of this notice that you dispute the validity of this debt, or any part of the debt, we will obtain verification of the debt or a copy of a judgment, if there is one, and mail such verification or judgment to you. If you make a written request within 30 days after receipt of this notice for the name and address of the original creditor, we will provide the name and address of the original creditor, if different from the current creditor…" Exhibit 4.

32. Upon information and belief, Defendant Resurgent's May 10, 2007 letter to the Plaintiff is false, deceptive and/or misleading.

33.   Upon information and belief, Defendant Resurgent's May 10, 2007 letter to the Plaintiff falsely represents the amount due on the debt.

34.   Upon information and belief, Defendant Resurgent's May 10, 2007 letter to the Plaintiff is an unfair and/or unconscionable means to attempt to collect the debt.

35.   On or about May 15, 2007, Defendant Resurgent mailed the Plaintiff a letter in an attempt to collect the debt with an alleged balance due of $7,245.71. Exhibit 5.

36.   Defendant Resurgent's May 15, 2007 letter to the Plaintiff stated: "We have received your recent inquiry regarding this account and are in the process of investigating your claim.  Once a determination is made, we will contact you with the results of our research.  Exhibit 5.

37.   As of May 15, 2007, Plaintiff had not yet submitted a request for validation of the debt to Defendant Resurgent.

38.   Upon information and belief, Defendant Resurgent's May 15, 2007 letter to the Plaintiff is false, deceptive and/or misleading.

39.   Upon information and belief, Defendant Resurgent's May 15, 2007 letter to the Plaintiff falsely represents the amount due on the debt.

40.    Upon information and belief, Defendant Resurgent's May 15, 2007 letter to the Plaintiff is an unfair and/or unconscionable means to attempt to collect the debt.

41.    The Defendants knew or should have known that their actions violated the FDCPA.

42.    The Defendants could have taken steps necessary to comply with the FDCPA, but neglected to do so.

43.    At all times pertinent hereto, the conduct of the Defendants was intentional, willful, reckless, negligent and in disregard for federal law and the rights of the Plaintiff herein.

44.    As a result of the Defendants conduct, Plaintiff has sustained actual damages including but not limited to, out of pocket expenses, anguish, anger, anxiety, frustration and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### V. CAUSES OF ACTION

#### A.    Defendant Central Credit Services, Inc.

45.    Defendant CCS violated the FDCPA, 15 U.S.C. § 1692, *et seq*.

46.    Defendant CCS violated the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

47.   Defendant CCS violated the FDCPA by falsely representing the amount
      owed on the debt, in violation of 15 U.S.C. § 1692e(2)(A).

48.   Defendant CCS violated the FDCPA by using false representations and/or
      deceptive means to collect on a debt, in violation of 15 U.S.C. § 1692e(10).

49.   Defendant CCS violated the FDCPA by using unfair and/or unconscionable
      manes to attempt to collect a debt, in violation of 15 U.S.C. §1692f.

50.   As a result of the foregoing violations of the FDCPA, Defendant CCS is
      liable to Plaintiff for actual damages, statutory damages, and attorney fees
      and costs in accordance with 15 U.S.C. § 1692k.

### B.   Defendant Resurgent Capital Services, LP

51.   Defendant Resurgent violated the FDCPA, 15 U.S.C. § 1692, *et seq.*

52.   Defendant Resurgent violated the FDCPA by using false, deceptive and/or
      misleading representations or means in connection with the collection of a
      debt, in violation of 15 U.S.C. § 1692e.

53.   Defendant Resurgent violated the FDCPA by falsely representing the
      amount owed on the debt, in violation of 15 U.S.C. § 1692e(2)(A).

54.   Defendant Resurgent violated the FDCPA by using false representations
      and/or deceptive means to collect on a debt, in violation of 15 U.S.C. §
      1692e(10).

55.   Defendant Resurgent violated the FDCPA by using unfair and/or unconscionable manes to attempt to collect a debt, in violation of 15 U.S.C. §1692f.

56.   As a result of the foregoing violations of the FDCPA, Defendant Resurgent is liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Suzanne Sanchez prays that judgment be entered against the Defendants for the following:

A.   Award Plaintiff actual damages pursuant to FDCPA, 15 U.S.C. § 1692k(a)(1);

B.   Award Plaintiff statutory damages of $1,000.00 per Defendant pursuant to FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C.   Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses pursuant to FDPCA, 15 U.S.C. §1692k(a)(3); and

D.   Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated: November 14, 2007.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By:

Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net